IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM FICKLIN,

    Plaintiff,

vs.                                          CASE NO. 4:07CV21-RH/AK

S.K. BELLAMY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that Defendant Bellamy forced him to expose himself sexually to her. (Doc. 1). Defendant has moved to dismiss the complaint for failure to exhaust administrative remedies. (Doc. 34). Plaintiff has responded. (Doc. 35).

**I.    Allegations of the complaint**

Plaintiff claims that he was on the toilet when Defendant Bellamy approached him and ordered him to spread his legs, and then she stared at his genitals. (Doc. 1). He claims that no male officers were present as they should be according to the regulations.

**II.    Analysis**

42 U.S.C. § 1997e(a) provides: "*No action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (Emphasis added.) The exhaustion requirement of § 1997e(a) is mandatory. Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998). There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Higginbottom v. Carter, 223 F.3d 1259, 1260-61 (11th Cir. 2000) (holding that an excessive force claim is subject to the exhaustion requirement); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons). Furthermore, this Court may not consider the adequacy or futility of administrative remedies, but only the availability of such. Higginbottom, 223 F.3d at 1261, *citing* Alexander, 159 F.3d at 1323. Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively. Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). An inmate must not only commence the grievance process, he

**No. 4:07cv21-RH/AK**

must perfect his appeal to the highest administrative level in the process.  <u>Alexander</u>, 159 F.3d at 1323.

Plaintiff is housed within the Florida Department of Corrections.  Florida prisons have an administrative grievance program.  *See* FLA. ADMIN. CODE CH. 33-103.  The process is three-tiered: informal grievance to the staff member involved; formal grievance to the warden; and appeal to the Secretary.  There are exceptions for grievances concerning, for example, when there is a fear of reprisal or when there is a "sensitive nature," that allows for grievances to go directly to the warden by way of a formal grievance.

Plaintiff admits in his complaint that he did not file a formal grievance or an appeal because "fear of retribution, lack of action on informal insinuated threats on informal response."  Doc. 1, p. 3).  Despite the fears voiced in the complaint, Plaintiff submitted the original and a copy of an informal grievance he and another inmate filed on his behalf, wherein he complains about the alleged actions by Defendant Bellamy.  The response to his grievance was that she was interviewed and denied the allegations.  (Docs. 7 and 10).

In his response to the motion to dismiss, Plaintiff states that he has been assisted in this procedure by a "next friend" and has no personal recollection or knowledge of the nature of the initial grievance filed except that it was intended to be filed as a grievance of a sensitive nature.  (Doc. 35).  He claims that all his legal papers have been lost because he has been transferred.  He does not specifically allege that he filed a formal grievance or appeal on this issue.

**No. 4:07cv21-RH/AK**

Recently, the Supreme Court upheld the law of the Eleventh Circuit and reaffirmed that the exhaustion requirement of the Prisoner Litigation Reform Act (PLRA) is mandatory and necessary.  Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006).  In Woodford, the Supreme Court referred to exhaustion as the "centerpiece" of the PLRA, and cited with approval the Eleventh Circuit's position that exhaustion is a mandatory provision, no longer left to the discretion of the district court, and that a prisoner must complete the process as the institution requires, including appeals.  Id., at 2384.  The policies cited by the Court for making exhaustion mandatory are that it provides prisoners with an effective incentive to use the process, which gives the institution a fair opportunity to correct its own errors; and thereby, reduces the number of prisoner suits and improves the quality of the lawsuits that are filed in federal court.  Id., at 2387-2389.  The Court also noted that proper exhaustion "often results in the creation of an administrative record that is helpful to the court.  When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved."  Id.

Given the mandatory requirement of exhaustion and Plaintiff's admission that he did not complete the exhaustion process, the undersigned is of the opinion that the motion to dismiss should be granted and this cause dismissed.  Even if Plaintiff's fears were correct that he may be retaliated against for filing a grievance, he did not comply with the procedures that address such fears and file his grievance directly with the warden.  Once he had made the allegations in an informal grievance, there is no reason for him not to have taken it further by appealing to the warden and secretary.

**No. 4:07cv21-RH/AK**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss (doc. 34) be **GRANTED**, and this cause be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e).

**IN CHAMBERS** at Gainesville, Florida, this  7th  day of April, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.